PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MARIO GARCIA, | ) | CASE NO. 4:11CV00734 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| RODDIE RUSHING, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** (Resolving ECF Nos. 5, 18) |

*Pro se* Plaintiff Mario Garcia filed this action against Northeast Ohio Correctional Center ("NEOCC"), Warden Roddie Rushing, NEOCC Medical Director Mrs. Hivner, and the NEOCC "Doctor on Duty" (collectively Defendants)[1] alleging that he did not receive proper medical care at NEOCC. ECF No. 1 at 1-7. Pending before the Court are Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5) (ECF No. 5) and 12(b)(6) (ECF No. 18).

For the reasons that follow, the Court denies Defendants' motions to dismiss and dismisses the cause of action *sua sponte* pursuant to 28 U.S.C. § 1915(e) in light of the United States Supreme Court's recent ruling in *Minneci v. Pollard*, 565 U. S. ____, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012).

## I. Background

During the commencement of this cause of action, Plaintiff was a prisoner at NEOCC, a private prison owned and operated by Corrections Corporation of America ("CCA"). ECF No. 1.

---

[1] In a later filing, Plaintiff identifies the NEOCC Doctor on Duty as Dr. Rupeka. ECF No. 6 at 1.

(4:11CV00734)

The docket reflects that Plaintiff was released on June 13, 2011.  ECF No. 8.

      As an inmate, Plaintiff explains that he experienced severe stomachaches and headaches.

ECF No. 1 at 4-6.  Plaintiff reported to "sick call" on several occasions and received over-the-

counter medication (*i.e.*, aspirin and Tylenol).  ECF No. 1 at 4-6.  Plaintiff claims that these

medications were not effective in relieving his symptoms.  ECF No. 1 at 6.  Plaintiff further

developed laryngitis, which he believes to have been a side effect of one of the medications that

he was given.  ECF No. 1 at 6.

      In addition to his alleged stomachaches and headaches, Plaintiff contends that he

suffered from a severe rash.  ECF No. 1 at 4-6.  He explains that the rash caused his skin to

bleed.  ECF No. 1 at 6.  Plaintiff indicates that other inmates harassed and taunted him when they

saw the rash.  ECF No. 1 at 4.  He alleges that the prison physicians only provided him with

topical creams that proved ineffective in clearing the rash and denied stronger prescription

medications.  ECF No. 1 at 4.

      Plaintiff alleges that Defendants were negligent in providing medical care and subjected

him to cruel and unusual punishment.  ECF No. 1 at 2, 7.  According to his Complaint, Plaintiff

was denied medical care at NEOCC because he was close to his release date.  ECF No. 1 at 4-5.

He contends that a physician at NEOCC explained that the prison policy prohibits treatment of

inmates close to release, and that the prison refused to order prescription medications in an

attempt to reduce costs.  ECF No. 1 at 5.  Plaintiff requests monetary compensation.  ECF No. 1

at 8.

2

(4:11CV00734)

## II.  Discussion

### A.  Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5)

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address departures from the

proper procedures for serving the summons and complaint and the contents of the former.  *See*

Fed. R. Civ. P. 12(b)(4), 12(b)(5).  A Rule 12(b)(4) motion "concerns the form of process rather

than the manner or method of service . . . [and] is proper only to challenge non-compliance with

the provisions of Rule 4."  *Ericson v. Pollack*, 110 F.Supp.2d 582, 584 (E.D. Mich. 2000)

(internal citations omitted).  A Rule 12(b)(5) motion challenges the mode of serving the

summons and complaint.  *See Nafziger v. McDermott Inter., Inc.*, 467 F.3d 514, 520-21 (6th Cir.

2006).  The procedural requirements for proper service are set-forth in Federal Rule of Civil

Procedure 4.[2]

Pursuant to Rules 12(b)(4) and 12(b)(5), Defendants move to dismiss Plaintiff's

complaint for deficiency in process and manner of service.  ECF No. 5.  Defendants' deficiency

in process allegation stems from Plaintiff's failure to obtain the Clerk of Court's signature and

Court's seal on the summonses served by Plaintiff.  ECF Nos. 4; 5 at 3-4.  Pursuant to Rule 4(b),

Defendants allege that a summons must be signed by the Clerk of Court and include the Court's

seal to serve as indicia of reliability.[3]  ECF No. 5 at 3-4.  Defendants further claim deficiency in

---

[2]  The United States Supreme Court explained that the central function of service of process under Rule 4 is to "supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections."  *See Henderson v. U.S.*, 517 U.S. 654, 671 (1996).

[3]  Federal Rule of Civil Procedure 4(b) states, in pertinent part:  "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the

(4:11CV00734)

the manner of service because Plaintiff, who was at the time an inmate seeking to proceed *in forma paueris*, enlisted the assistance of the prison's mailroom supervisor to deliver copies of the Complaint to Warden Rushing, Mrs. Hivner, and the John Doe Physician. ECF No. 5 at 2. Defendants argue that service cannot take place until after the Court has granted Plaintiff's motion to proceed *in forma pauperis* and screened his Complaint under 28 U.S.C. § 1915A. ECF No. 5 at 3, 5-6. Defendants move for dismissal without prejudice, "subject to re-service should the Court grant Inmate Garcia's Motion to Proceed *in forma pauperis*, decide that his Complaint is sufficient to survive screening pursuant to 28 U.S.C. § 1915A and direct service." ECF No. 5 at 7.

In response, Plaintiff explains that he complied with the requirements of Rule 4 by asking someone other than himself to personally serve each Defendant by handing him or her a copy of the Complaint and the Summons. ECF No. 6 at 1. He further indicates that to the extent he failed to fully comply with Rule 4, he should be given the opportunity to rectify the problem. ECF No. 6 at 2. Plaintiff attached completed Summonses and Marshal Forms for each Defendant. ECF No. 6-1.

Defendants misconstrue Rule 4 and relevant statutory authority with respect to service. Defendants' position that "an inmate seeking *in forma paueris*, may not serve his own Summons and Complaint, but rather, must await service by the Marshals Service" is unsupported by Rule 4, 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e). The Court agrees that the United States Marshal

_____

summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant."

4

(4:11CV00734)

Service is required to serve the complaint in actions where a plaintiff has been granted *in forma pauperis* status; however, the plain language in Rule 4, 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) does not indicate that this is the only method by which service may be perfected.[4]

Similarly, Rule 4(c)(2) and 28 U.S.C. § 1915(c) serve to obligate the *Court* to issue Plaintiff's process to a Marshal who must in turn effect service upon Defendants. *Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996) (explaining that the obligation is directed to the courts).  These provisions are in place to assist Plaintiff, not to limit his options for service or penalize him for perfecting service on his own.[5]  *See Byrd*, 94 F.3d at 219.

Contrary to Defendants' assertions, the statutory language in 28 U.S.C. § 1915A and 28

---

[4]  Defendants' reliance on *Herbert v. Roark*, Case No. 05-CV-74754-DT, 2007 U.S. LEXIS 59625, at *2 (E.D. Mich. Aug. 15, 2007) is equally misplaced.  ECF No. 5 at 5, fn. 14.  In *Herbert*, the Court ordered the plaintiff to re-serve the Office of the Clerk sixteen copies of the complaint and summons within sixty days, and the plaintiff failed to do so.  *Id*. at *1-2.  As a result, the Court "dismissed Plaintiff's case without prejudice on July 9, 2007."  *Id*. at *2.  Thereafter, the plaintiff attempted to perfect service by personally sending copies of the complaint and summons to the prison administration.  *Id*.  The Court explained that the sending the documents to the prison administration is ineffective and does not revive the lawsuit because the matter has previously been dismissed without prejudice, not that a plaintiff seeking *in forma pauperis* must await service by the Marshals Service as argued by Defendants in the instant matter.  *Id*.; ECF No. 5 at 5.

[5]  The Sixth Circuit stated the following:

> Together, Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd*, 94 F.3d at 219.

(4:11CV00734)

U.S.C. § 1915(e) does not prohibit a plaintiff in an *in forma pauperis* action from accomplishing

service by any other means acceptable under Rule 4; does not require a plaintiff to pay the full

filing fee if he wishes to pursue this option; and, does not require a plaintiff to wait for the court

to give him permission to attempt service.  Furthermore, Rule 4 does not require that the

complaint be served by a professional process server appointed by the court if a plaintiff attempts

service on his own.  Service of the summons and complaint may be accomplished by "[a]ny

person who is at least 18 years old and not a party" to the case.  Fed. R. Civ. P. 4(c)(2).

       With respect to screening, Defendants' suggestion that service of the Complaint was

improper because screening under 28 U.S.C. § 1915A had not occurred and *in forma pauperis*

status had not yet been granted is without merit.  *See* ECF No. 5 at 5-6.  Defendants' argument is

a misinterpretation of both 28 U.S.C. § 1915(e) and 28 U.S.C. §1915A.

       The statute authorizing courts to screen prisoners' complaints, 28 U.S.C. § 1915A, reads:

> The court shall review, before docketing, if feasible or, in any event, as soon as
> practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental
> entity.

As an initial matter, screening under this statute is not a listed prerequisite to granting an

application to proceed *in forma pauperis* or perfecting service of the complaint.  Indeed, review

under 28 U.S.C. §1915A may be conducted regardless of whether a plaintiff seeks pauper status

or pays the filing fee in full at the initiation of the action.  *See Dekoven v. Bell*, 140 F.Supp.2d

748, 755 (E.D. Mich. 2001); *Johnson v. Hill*, 965 F.Supp. 1487, 1488 (E.D. Va. 1997).  The

statute requires the screening to take place "before docketing, if feasible, or, in any event, as soon

as practicable after docketing."  28 U.S.C. §1915A.  It does not require the screening to be

(4:11CV00734)

conducted before service can be attempted.

Notably, 28 U.S.C. § 1915A is not applicable in the instant matter.  The statute specifically limits the screening requirement to civil actions in which the prisoner seeks relief from a governmental entity or officer or employee of a governmental entity.  Defendants, however, are not officers or employees of a governmental entity.  Defendants are employees of a private corporation.  The United States Supreme Court has declined to equate private prison corporations with government entities.  *See* *Minneci v. Pollard*, 565 U. S. ____, 2012 WL 43511at* 10, slip op. (U.S. Jan. 10, 2012) (private prison employees are not government employees and are not subject to *Bivens* action); *see also* *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001) (private prison cannot be sued as a government Defendant under *Bivens*); *U.S. v. Orleans*, 425 U.S. 807, 813-14 (1976) (a private contractor is not a government entity for purposes of the Federal Tort Claims Act).  Because Plaintiff's Complaint is not asserted against a governmental entity or employees of that governmental entity, screening under 28 U.S.C. § 1915A is not appropriate.

Under 28 U.S.C. § 1915(e),[6] courts may review a plaintiff's complaint provided that

---

[6] 28 U.S.C. § 1915(e)(2) states:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

(4:11CV00734)

pauper status has been granted.  Such review is not limited to only prisoner complaints and does

not make service of the complaint contingent on the court's review.  In fact, that statute permits

courts to conduct a review and dismiss a complaint "at any time" if it determines that one of the

factors supporting dismissal exist.  28 U.S.C. § 1915(e).  Here, Defendants' assertion that service

of the Complaint cannot take place until screening occurs and *in forma pauperis* status has been

granted is unsupported and without merit.

The only argument set forth in Defendants' motion that has potential merit is Defendants'

contention that the summonses were not issued by the Clerk of Court and were therefore

defective.  Federal Civil Procedure Rule 4(a)(1)(F) and (G) declare that a summons must be

signed by the Clerk and bear the Court's seal.  Nonetheless, dismissal of the Complaint is not

required, however, because Plaintiff has shown good cause for failing to perfect service.  The

Sixth Circuit explained:

> [W]here a plaintiff is proceeding as a pauper, the district court bears the
> responsibility for issuing the plaintiff's process to a United States Marshal who
> must effect service upon the defendants once the plaintiff has properly identified
> the defendants in the complaint . . . [and] failure by the district court and the
> Marshals Service to carry out their duties constitutes good cause under Rule 4.

*Donaldson v. U.S.*, Case No. 01-2510, 2002 WL 987904, at **1 (6th Cir. May 10 2002) (citing

*Byrd*, 94 F.3d at 220).  Here, Plaintiff supplied the Marshal Forms and Summonses to the Court

within the time period for service under Rule 4(m) in his response to the Defendants' Motion to

Dismiss.  ECF No. 6.  The docket reflects that the Marshal served the Summons and Complaint

on Defendant Roddie Rushing, but not the other named Defendants.  *See* ECF No. 19.  There is

no docket entry showing that the Marshal's attempted to serve the remaining Defendants.  Failure

8

(4:11CV00734)

of the Clerk and the Marshals Service to accomplish their respective duties to issue and serve

process for Plaintiff proceeding *in forma pauperis* automatically constitutes a showing of good

cause under Rule 4.  *See Donaldson*, 2002 WL 987904, at **1; *Byrd*, 94 F.3d at 220.

For these reasons, Defendants' Motion to Dismiss for insufficient service and insufficient

service of process pursuant to Rules 12(b)(4) and 12(b)(5) (ECF No. 5) is denied.

### B.  Federal Rule of Civil Procedure 12(b)(6)

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the

Court is to test the legal sufficiency of the complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949

(2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In scrutinizing a

complaint, the Court is required to take all well-pleaded allegations in the complaint as true and

construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S.

89, 94 (2007) (internal citations omitted).

Pursuant to Rule 12(b)(6), Defendant Rushing separately moves to dismiss Plaintiff's

Complaint for failure to allege actionable conduct under the Eighth Amendment.  ECF No. 18.

Specifically, Defendant Rushing argues that Plaintiff's allegations do not suggest that he acted

with deliberate indifference to Plaintiff's safety, a requirement imposed by the United States

Supreme Court.  ECF No. 18 at 6-9.  Defendant Rushing further alleges that he cannot be held

liable for the actions of others under the doctrine of *respondeat superior*.  ECF No. 18 at 9-10.

In the present action, however, the Court cannot address the merits of either Plaintiff's

Eighth Amendment *Bivens* claim or the Defendant's Motion to Dismiss.  After Plaintiff filed the

instant action, the United States Supreme Court issued its opinion in *Minneci v. Pollard*,  565 U.

9

(4:11CV00734)

S. ____, 2012 WL 43511 at* 10, slip op. (U.S. Jan. 10, 2012) that severely curtails the type of

*Bivens* claims that may be lodged  against employees of a private prison.  The Supreme Court

explained:

> A federal prisoner seek[ing] damages from privately employed personnel working
> at a privately operated federal prison, where the conduct allegedly amounts to a
> violation of the Eighth Amendment, and where that conduct is of a kind that
> typically falls within the scope of traditional state tort law (such as the conduct
> involving [negligent medical care which is] at issue here), the prisoner must seek
> a remedy under state tort law.

*Id*.  A *Bivens* remedy is not available under these circumstances.  *Id*.  Because Plaintiff's Eighth

Amendment *Bivens* claim is asserted against employees of a private prison corporation, it cannot

proceed.  Defendant Rushing's Motion to Dismiss (ECF No. 18) is denied as moot.

### C.  28 U.S.C. § 1915(e)

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[7] *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual contentions

---

[7] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff
and without service of process on the defendant, if the court explicitly states that it is invoking
section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons
set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte*
*v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*,
784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV00734)

are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which

relief may be granted when it lacks "plausibility in the complaint."  *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).

 As stated above, Plaintiff's Complaint now lacks an arguable basis in law.  His claims are

all asserted under *Bivens* which is not available in this case in light of the Supreme Court's

decision in *Minneci v. Pollard*, 565 U. S. ____, 2012 WL 43511 at *10.  He does not have any

other claims over which this Court has subject matter jurisdiction.  Federal Courts are always

"under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of*

*Dallas*, 493 U.S. 215, 231 (1990) and may not entertain an action over which jurisdiction is

lacking.  *See* *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.

694, 701 (1982).  Because there are no viable federal claims, federal question jurisdiction is no

longer present.  There are no facts in the pleading to support diversity jurisdiction for a state law

claim.  This case must be dismissed, without prejudice to any state law claims Plaintiff may have,

pursuant to 28 U.S.C. § 1915(e).

### III.  Conclusion

 Accordingly, Defendants' Motion to Dismiss for insufficient service and insufficient

service of process is denied (ECF No. 5); Defendant Rushing's Motion to Dismiss is denied as

moot (ECF No. 18); and this action is dismissed without prejudice to any state law claims

Plaintiff may have pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. §

11

(4:11CV00734)

1915(a)(3), that an appeal from this decision could not be taken in good faith.[8]


      IT IS SO ORDERED.


February 28, 2012                                    */s/ Benita Y. Pearson*
Date                                              Benita Y. Pearson
                                                  United States District Judge

---

[8] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."